■ In the Matter of the Estate of CHARLOTTE L. CORD, Deceased. DON O. CORD, Respondent; BANK OF NEW YORK, Appellant, et al., Respondents. — In a proceeding to construe a will, the Bank of New York appeals from so much of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated December 30, 1980, as construed the will as directing the bank, trustee of an *inter vivos* trust, to pay to the petitioner executor of the decedent's estate, the proportionate share of estate taxes allocable to the trust. Decree reversed insofar as appealed from, on the law, with $50 costs and disbursements to appellant payable out of the estate, and paragraph two of the decedent's last will and testament is construed so as to require the executor of the estate to pay any estate taxes allocable to the trust as an expense of administration of the estate. The petition sought constructon of paragraph two of decedent's will, which reads: "I direct that all estate, inheritance, transfer, legacy, succession

and other death taxes of any nature payable by reason of my death and imposed upon or with respect to *property passing under this Will, or property not passing under this Will,* including interest or penalties, if any, shall be paid out of my general estate as an expense of administration, without allocation or proration to any legatee or devisee under this Will or any person owning or receiving property not passing under his Will." (Emphasis supplied). This will was executed in January, 1978, nearly 40 years after the testatrix had created an irrevocable *inter vivos* trust in which she retained a life income interest. By paragraph three of that trust, the grantor directed the trustees to pay the executor of her estate any taxes payable by the estate on account of the trust. Noting the conflict in allocating responsibility for payment of the taxes, the court ruled that the will's failure to resolve "specifically" the allocation conflict indicated that the testatrix had not intended to relieve the trust of the tax burden. We disagree with this analysis. The unqualified obligation imposed by the testatrix on her estate to pay death taxes on *all* her property superseded any directions to the contrary contained in prior instruments affecting specific property interests. Although it was stipulated that the attorney draftsman of the will was unaware of the existence of the trust agreement, this fact does not defeat the inference of an intentional reallocation of the tax burden to be drawn from the testatrix' execution of the superseding instrument containing the all-embracing and unambiguous provision for estate payment of death taxes on all property passing under or outside of her will. Nor does the record contain any other evidence to defeat this logical inference. Therefore, the decree must be modified so as to construe the import and significance of the will's provision for tax payments as requiring the executor to pay the taxes due on account of the trust. (See *Matter of Annesley,* 97 Misc 2d 1047; *Matter of Harbord,* 197 Misc 760, affd 281 App Div 850, mot for lv to app den 305 NY 930.) Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.